UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

VERRAGIO, LTD.,                                          Case No. 15-cv-6500 (CM)
                      Plaintiff,

    -vs-

AE JEWELERS, INC., AE JEWELERS OF APPLETON,
LLC, RICH MEYER,
                      Defendants.
--------------------------------------------------------------------------------X
AE JEWELERS, INC., and AE JEWELERS
OF APPLETON, LLC,

                      Counter Claimants,

    -vs-

VERRAGIO, LTD.,
                      Counter Defendant.
--------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO COUNTER-DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**

    Counter Claimants, AE Jewelers, Inc. (hereafter AE Inc.) and AE Jewelers of Appleton, LLC, (hereafter AE LLC) (and collectively AE), by and through their attorneys, Bollenbeck Fyfe, S.C., by Attorney Andrew Wagener, submit the following Memorandum of Law in opposition to Counter-Defendant's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

1

# TABLE OF CONTENTS

Preliminary Statement ..................................................................................................................3

Argument .......................................................................................................................................3

    A.  Defamation Counterclaim ...............................................................................................3

    B.  Intentional Inference with Prospective Contracts ..........................................................5

Conclusion .....................................................................................................................................5

Certificate of Service ....................................................................................................................6

# TABLE OF AUTHORITIES

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................3

Fed. R. Civ. P. 12(c) .............................................................................................................. 3, 4, 5

*DiMiceli v. Klieger,*
    58 Wis.2d 359, 206 N.W.2d 184 (1973) ............................................................................4

*Mackenzie v. Miller Brewing Company*,
    241 Wis.2d 700, 623 N.W.2d 739 (2001) ..........................................................................5

*Share Corp. v. Momar Inc.,*
    2011 WL 2600740 ..............................................................................................................5

*Zinda v. Lousisana Pacific Corp.,*
    149 Wis. 2d 913, 440 N.W.2d 548 (1989) ........................................................................4

## PRELIMINARY STATEMENT

In relying on this Court's previous order in this case related to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court held that as long as there is factual content for the Court to draw reasonable inference that the party is liable from the pleadings then the claim will not be dismissed. [Wagener Dec. ¶2] Further, the counter defendant admits that the standard for Fed. R. Civ. P. 12(b)(6) is the same as Fed. R. Civ. P. 12(c). [See page 4 of counter defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c)]

## ARGUMENT

### A. **Defamation Counterclaim**

The Defendants' counter claim alleges the following facts:

> 1. AE INC and VERRAGIO had a long term business relationship in which AE INC would purchase various items of jewelry at whole sale to be sold at retail in various stores in the Appleton and Green Bay, Wisconsin locations.
>
> 2. During that relationship VERRAGIO would advance various items of jewelry on credit and would be repaid after items were sold to AE INC's customers.
>
> 3. On or about June 26, 2015 a consumer contract was entered into between AE INC and Ryan McNalley to purchase a wedding ring that was to be designed by VERRAGIO. The ring was ordered from VERRAGIO and sent to AE INC for delivery to the customer, Ryan McNally [Exhibit 2].
>
> 4. AE INC received delivery of the ring but noticed that the stone was not properly set and returned it to VERRAGIO to be reset.
>
> 5. Once VERRAGIO obtained the ring for resetting VERRAGIO wrongfully withheld the ring.
>
> 6. VERRAGIO then indicated it was terminating its relationship with AE INC

**Verragio's Defamatory Statement**

      7.    As a result of VERRAGIO's unlawful termination of its relationship with AE INC, AE INC had excess inventory of VERRAGIO items.

      8.    Since AE INC and VERRAGIO terminated their relationship VERRAGIO then sent a letter of publication defaming AE INC by publication indicating that they were not financially solvent. [Exhibit 1]

      There is a reasonable inference from the pleadings that the letter sent by Verragio and attached as Exhibit B to the Declaration of Andrew Wagener was the cause of devaluing the inventory that AE possessed.  Further, truth as a defense is a factual issue to be determined at trial. *See DiMiceli v. Klieger,* 58 Wis.2d 359, 206 N.W.2d 184 (1973).  Finally, Fed. R. Civ. P. 12(c) states that a decision on the pleadings is appropriate if there are no material facts left.  In this case, the truth as to Verragio's letter in which it states "It has come to our attention that AE Jewelers out of Wisconsin has been contacting several of our retail partners in an attempt to liquidate their Verragio stock.  **PLEASE BE VERY CAUTIOUS with this.**  AE Jewelers has been put into collections by Verragio and we will no longer service their account whatsoever, or any product that comes from their inventory." is filled with factual matters that are subject to the determination of a fact finder.  Therefore, on the basis that truth is an absolute defense their motion should be denied.

      Verragio's motion based on the common interest doctrine should also be denied.  First, the common interest principal is limited to "partners, fellow officers of a corporation for profit, fellow shareholders, and fellow servants." *Zinda v. Lousisana Pacific Corp.,* 149 Wis. 2d 913, 440 N.W.2d 548 (1989).  Further, it is usually limited to the employer employee relationship. *Id at 923.* Finally, this privilege can be abused and the abuse of the privilege is to be determined at trial. *Id at 926*.  On this basis the motion should be denied.

B. **Intentional Inference with Prospective Contracts.**

The purpose of the letter was to deter AE from reselling its Verragio inventory and requiring them to hold on to inventory that Verragio was not going to repurchase. The *Mackenzie* cases so heavily relied on by the Plaintiff had nothing to do with truth as a defense. *Mackenzie v. Miller Brewing Company*, 241 Wis.2d 700, 623 N.W.2d 739 (2001). Rather, the case was used to determine whether a tort cause of action existed in the context of an at will employment contract. Additionally, *Share Corp. v. Momar Inc.,* 2011 WL 2600740 did determine that truth was a basis for dismissing a case. [Wagener Dec. ¶4] The court simply threw out the case because there were facts at an evidentiary hearing that trade secrets were improperly taken. Finally, truth is a factual issue. The plaintiff is attempting to avoid a discovery period on the issue and is merely making claims that everything they say is true. Under Fed. R. Civ. P. 12(c) if there is a material factual issue then the motion should be denied. In this case the pleadings indicate and their letter clearly sends a warning to everybody that they should not deal with AE. Under intentional interference with contract that is improper and intentional and is a basis for a claim. Verragio's motion should be denied.

## CONCLUSION

In conclusion, pursuant to the arguments set forth above, the Counter Defendant's Motion for Judgment on the Pleadings should be denied.

Dated this 5th day of May, 2017.

s/Andrew Wagener
Bollenbeck Fyfe, S.C.
W6260 Communication Court
Appleton, WI 54914
Phone: (920)735-1711
Fax: (920)735-1710
wagener@bollenbeckfyfe.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2017, I electronically filed the foregoing document along with the supporting Declarations with the clerk of the Court using the ECF system. The ECF system will send notification of the filing to all attorneys of record.